**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 09-07900-DD |
| Joshua Anthony Leitner, | Chapter 7 |
| Debtor. | **ORDER** |

This matter is before the Court on Joshua Anthony Leitner's ("Debtor") Motion to Reopen Chapter 7 Case ("Motion") filed October 11, 2010. An Objection to Debtor's Motion to Reopen ("Objection") was filed on November 5, 2010 by Lyndy Elizabeth Gallagher, Debtor's ex-spouse ("Ex-Spouse"). A hearing was held on November 16, 2010. The parties were instructed to submit briefs to the Court within ten (10) days, and both parties did so. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014, the Court now makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

Debtor and Ex-Spouse's Final Order and Decree of Divorce was issued and filed on July 22, 2009. That order provided that Debtor was to pay all mortgage payments on a residence jointly owned by Debtor and Ex-Spouse and located at 102 White Boulevard, Summerville, South Carolina. Debtor was also ordered to pay the credit card balance on a certain joint credit card account.

Debtor filed for chapter 7 relief on October 22, 2009. An order discharging Debtor and closing his case was entered on February 10, 2010. In his chapter 7 case, Debtor expressed the intention to surrender his interest in the property located at 102 White Boulevard, Summerville, South Carolina. On April 2, 2010, SunTrust Mortgage, Inc. ("Creditor"), the mortgagee on the

residence, filed an action to foreclose. Ex-Spouse filed a cross-claim against Debtor on May 6, 2010, requesting a judgment against Debtor for his failure to comply with the terms of the Family Court's order. Debtor filed this motion on October 11, 2010, seeking to re-open his chapter 7 case for the purpose of vacating the chapter 7 discharge and converting the case to one under chapter 13.

## CONCLUSIONS OF LAW

### I. Dischargeability of Ex-Spouse's Claims Against Debtor

Debtor argues that Ex-Spouse failed to commence an adversary proceeding during the chapter 7 case to establish non-dischargeability and that the debts were therefore discharged in Debtor's chapter 7 case. Ex-Spouse argues that all domestic support obligations and domestic property settlement agreements are non-dischargeable in a chapter 7 case and that an adversary is not required in order to accomplish this result.

Both parties agree that the debts at issue are not alimony, child support, or maintenance and that 11 U.S.C. § 523(a)(15) controls in this case. That provision provides:

> A discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -- . . . to a spouse, former spouse, or child of the debtor and not [for a domestic support obligation] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15). As a general proposition:

> Section 523(a) lists the types of debts that are **not** discharged when the debtor receives a discharge. Again, this is an automatic provision requiring no action from debtor or creditor. The only instances in which action is required from a creditor to have a debt declared nondischargeable are listed in Section 523(c), which qualifies the list of § 523(a) by providing that debts listed in § 523(a)(2), . . . § 523(a)(4), . . . and § 523(a)(6) . . . are discharged unless a creditor requests a court determination that the debts are nondischargeable.

*In re Star*, No. 06-30571-DOT, 2008 WL 2705092, at *2 (Bankr. E.D. Va. July 1, 2008) (emphasis original). Section 523(c), the provision referenced in *Star*, states:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c)(1).

The issue of the dischargeability of the debts is not presently before the Court. Debtor even suggests that the debts at issue are perhaps outside the scope of both section 523(a)(5) and (15). None of this is crucial to the issue before the Court, and each of the parties acknowledges that the issue of the effect of the discharge could be separately decided in this court or the state court without reopening the case. The discharge or failure of discharge of the debts at issue was established in the chapter 7 case, even though the parties may now dispute the result.

**II. Reopening of Debtor's Case**

Debtor states in his brief that in the event the debt owed to Ex-Spouse was not discharged in Debtor's chapter 7 case, he wants to reopen his case for the purpose of converting to chapter 13. 11 U.S.C. § 350(b) governs reopening of cases and provides, "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The decision to reopen a bankruptcy case is within the discretion of the bankruptcy court, and the court's decision will generally depend on the specific facts and circumstances of the case. *In re Shaw,* No. 01-08511-W, slip op. (Bankr. D.S.C. June 22, 2005) (citations omitted); *In re Midlands Util., Inc.*, 251 B.R. 296, 299 (Bankr. D.S.C. 2000); *In re Smolarick*, 56 B.R. 720, 722 (Bankr. W.D. Va. 1986) (citations omitted). In determining whether to grant a motion to reopen, courts often consider "the delay between the closing of the case and the

motion to reopen as well as the prejudice that it would cause to [the] nonmovant." *In re Hall*, No. 04-09478-W, slip op. (Bankr. D.S.C. July 24, 2008) (quoting *In re Midlands Util., Inc.*, 251 B.R. 296, 299 (Bankr. D.S.C. 2000)) (alteration original). Debtor also proposes that his chapter 7 discharge, whatever it may mean with respect to the debts at issue, be vacated upon reopening the case.

In the present case, Debtor received a discharge and his case was closed in February 2010. Debtor did not file his motion to reopen until October 2010, eight months later, and only then after Ex-Spouse filed a cross-claim in state court. Debtor delayed five months after the cross-claim was pled before initiating action in this Court. Debtor provided no explanation as to why he waited so long. If Debtor is now allowed to reopen his chapter 7 case to convert to chapter 13, the status of Debtor's discharge may change, to the detriment of Ex-Spouse.

The Court finds that reopening Debtor's case to allow him to convert to chapter 13 is not warranted. Debtor originally chose, on advice of counsel, to file a chapter 7 case rather than a chapter 13 case. Debtor now claims that he made this choice because he had insufficient income to fund a chapter 13 plan at the time he filed the chapter 7 case. He claims he can now fund a plan, but with only a one or two percent distribution to creditors. In fact, Debtor's Schedule J shows disposable income of only $7.21. This raises some concern as to whether Debtor can be successful in chapter 13. Debtor suggests that his financial circumstances have now changed, but this does not separately form the basis for reopening the case to accord relief to Debtor.

Reopening Debtor's case and vacating the discharge, as Debtor suggests should be done, upsets the relief Debtor received as to all of his creditors. Given the passage of time, it is likely that other unsecured creditors will have closed the books on Debtor's accounts and would not have the opportunity to meaningfully participate in a chapter 13 plan. Debtor chose the relief he

sought in filing a chapter 7 case. On balance with the interests of his creditors and the public's need for finality in court judgments, Debtor has shown no reason to reopen the case. Debtor has other alternatives, including filing an action for determination of dischargeability or filing a new chapter 13 petition. *See* Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy § 19.2, at ¶ 2 (4th ed. 2009) ("It is common for debtors emerging from Chapter 7 to file Chapter 13 as a method of dealing with claims that survived the Chapter 7 discharge or to control property that remains subject to liens. Sometimes called a 'Chapter 20,' the Chapter 13 case filed on the heels of a Chapter 7 discharge is not categorically forbidden by the Code."); *Johnson v. Home State Bank*, 501 U.S. 78, 84–87 (1991) (holding that a mortgage interest that survives a debtor's chapter 7 case is a "claim" in debtor's subsequent chapter 13 case and stating, "The absence of a [ ] prohibition on serial filings of Chapter 7 and Chapter 13 petitions, combined with the evident care with which Congress fashioned [ ] express prohibitions, convinces us that Congress did not intend categorically to foreclose the benefit of Chapter 13 reorganization to a debtor who previously has filed for Chapter 7 relief.").

Finally, the issue of revoking or vacating a chapter 7 discharge, as proposed by Debtor, merits discussion of a further problem, Debtor's standing. Revocation of a chapter 7 discharge is governed by section 727(d) and (e). These subsections provide that a court may revoke a discharge upon request of the trustee, a creditor, or the United States trustee. *See* 11 U.S.C. § 727(d), (e). These subsections do not mention the debtor; thus, the debtor is not within the class of individuals that may request a revocation of discharge. Additionally, because a discharge arises in an order of the Court, a request for relief from the order may well implicate Fed. R. Bankr. P. 9023 and 9024. Debtor has not shown any basis for relief from the discharge order.

To allow the reopening of Debtor's case so that Debtor can seek a revocation or vacating of the discharge would be pointless. Debtor is not entitled to request a revocation of discharge, and Debtor has shown no basis under Fed. R. Civ. P. 60 for other relief from the discharge order.

## CONCLUSION

For the reasons stated above, Debtor's Motion to Reopen is denied. The Clerk of Court shall refund the tendered fee for reopening the case.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**12/07/2010**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 12/08/2010